IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LISA BUSS,

              Plaintiff,

v.                                                                ORDER

NANCY A. BERRYHILL,                                 16-cv-810-jdp
Acting Commissioner of Social Security,

              Defendant.

---

Plaintiff Lisa Buss seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court heard oral argument on August 2, 2017. For reasons explained during oral argument and summarized here, the court will grant Buss's motion for summary judgment and remand the case for further proceedings consistent with this order.

Buss applied for disability insurance benefits because she suffered from ongoing pain post-spondylolisthesis surgery, arthritis, left hip pain and back pain, upper hamstring pain, leg and foot pain, "grabbing sensations/tightness spasms," and bowel incontinence. R. 61-62.[1] The ALJ determined that the record suggested that Buss was able to perform light work, and she rejected the medical opinions that were not consistent with that determination. The ALJ ultimately determined that Buss had the residual functional capacity (RFC) to perform light work with additional restrictions and limitations and that, as a result, she was able to perform jobs that exist in significant numbers in the national economy.

---

[1] Record cites are to the administrative transcript, located at Dkt. 5.

Buss takes issue with two aspects of the ALJ's opinion—the ALJ's reliance on a state agency consultant and her appraisal of a treating physician.

**A. State agency consultant**

The ALJ mishandled a state agency consultant's report. The ALJ noted that James L. Greco, MD, opined that Buss "could do light work allowing sitting six hours and standing four hours." R. 27. But Greco's opinion is not clear. In his report, Greco noted, "RFC on file is affirmed as written." R. 78. The RFC on file—from another state agency consultant's initial-level assessment—was light work. R. 70. But elsewhere in his report, Greco noted that Buss was able to stand or walk four hours over the course of an eight-hour workday. R. 79. That limitation is associated with *sedentary*, not light, work.[2] The Commissioner does not dispute this point. Light work requires the ability to stand or walk six hours over the course of an eight-hour workday—more than Greco believed Buss could handle. And Greco confirmed as much when he noted that Buss's specific limitations "demonstrate[] the maximum sustained work capability for . . . SEDENTARY" work. R. 82. So it is not clear that Greco believed that Buss "could do light work."

The ALJ did not appreciate these discrepancies and did not explain how she handled them. The ALJ afforded Greco's opinions partial weight, "to the extent [his opinions are] consistent with the medical and other evidence of record, which supports a limitation to a range

---

[2] "[T]he RFC determines a work capability that is exertionally sufficient to allow performance of at least substantially all of the activities of work at a particular level . . . ." SSR 83-10. "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. . . . Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday . . . ." *Id.* But light work requires "a good deal of walking or standing"—namely, six hours per eight-hour workday. *Id.*

of light work." R. 28. The ALJ did not give any weight to the sedentary designation on page 82 because "[t]he more specific limitations specified elsewhere in that report, as well as the overall evidence, clearly reflect a capacity for a range of light work." *Id.* But, as discussed, Greco's "specific limitations" pointed to both sedentary and light work. The ALJ made no attempt to reconcile the four-hours-standing limitation and the sedentary designation with her assessment that Greco's notes pointed to an ability to perform light work.

The bottom line is that the ALJ either completely overlooked the sedentary aspects of Greco's report or discounted them without adequate explanation. Either way, the mistake warrants remand. The ALJ is not required to adopt Greco's opinions, but she "must provide a 'logical bridge' between the evidence and [her] conclusions." *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

**B. Treating physician**

The ALJ afforded Todd A. Rave, MD—Buss's treating physician—"only partial weight, and only to the extent [his opinions are] consistent with the overall evidence of record." R. 27. Without explicitly identifying those aspects of the opinion that would receive favorable treatment, the ALJ moved on and decided that the rest of Rave's opinions would receive only "little" weight. *Id.*

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford*, 227 F.3d at 870 (citing 20 C.F.R. § 404.1527(d)(2)). "While internal inconsistencies may provide good cause to deny controlling weight to a treating physician's opinion," an ALJ must adequately explain the inconsistencies and her reasons for discounting the treating source opinion. *Id.* at 871 (citing *Knight v. Chater*,

3

55 F.3d 309, 314 (7th Cir. 1995)). "An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2)). And even if an ALJ articulates good reasons to discount the opinion, it is still "necessary to determine what weight [the] opinion was due under the applicable regulations." *Id.* at 751.

Here, the ALJ explained that Rave examined Buss only twice and relied on her subjective complaints, and she explained that his opinions "are not consistent with other evidence, including treatment notes, objective findings on physical exams, and the claimant's level of activities." R. 27. The explanation is conclusory and difficult to follow. Although I would not regard this as an independent basis for remand, the ALJ should be careful to follow the analytical framework for a treating physician outlined above. On remand, she must explain how she weighs Rave's specific opinions, why she might decline to afford some or all of those opinions controlling weight, and how she identifies and applies the pertinent regulatory factors.

## C. Additional comments

Two points in closing. First, a comment about the ALJ's approach. The ALJ appears to have reviewed portions of the record, determined that Buss was able to perform light work, and dismissed all medical opinions inconsistent with that conclusion. The ALJ must determine whether to adopt or reject specific opinions after identifying and applying the pertinent regulatory factors. To summarily accept the opinions that support her impression of the record and discard wholesale those opinions that do not makes for a vague, ill-explained decision that puts the cart before the horse. The medical opinions—with the other record evidence—should inform the ALJ's understanding of the claimant's RFC.

Second, a note about credibility, even though the parties did not raise the issue. The ALJ emphasized repeatedly that Buss's objective scans were largely normal. But "a hearing officer may not reject subjective complaints of pain solely because they are not fully supported by medical testimony." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). Similarly, the ALJ put a great deal of stock in the fact that Buss worked part time at a Hallmark store and performed other limited daily activities. But the ALJ did not specify which aspects of her work or daily activities contradicted her testimony or the opinion of her physician. And the ALJ must not conflate part-time work and daily activities with the ability to perform full-time work. "The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). A claimant need not be bedridden to be disabled under the Social Security Act. The ALJ should keep these principles in mind on remand.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Lisa Buss's application for disability

insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered August 4, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge